1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MIGUEL A. PATINO BRACAMONTES, | ) | Case No.: 10-CV-03888-LHK |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER DISMISSING CASE |
| CHASE HOME FINANCE LLC, et al., | ) | |
| Defendants. | ) | |

Defendants Chase Home Finance LLC, Deutsche Bank National Trust (erroneously sued as Deutsche Bank), JP Morgan Chase & Co., and JP Morgan Chase Bank, NA. (together, Bank Defendants) move to dismiss the complaint in this action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Dkt. No. 19 (Bank Defendants' MTD).  Defendant First American Title Company (First American) moves to dismiss the complaint for failure to comply with Fed. R. Civ. P. 8.  *See* Dkt. No. 15.  The Court set the due date for Plaintiff's Oppositions to these Motions as December 13, 2010.  *See* Dkt. No. 21.  However, Plaintiff submitted no opposition.  Plaintiff did submit a voluntary dismissal, with prejudice, as to two named defendants, Trina Coffman-Gomez and Integrity Lending, on January 21, 2011.  Dkt. No. 26.  The Court finds that this matter is suitable for decision without oral argument.  Civil Local Rule 7-1(b).  Accordingly, the hearing on these Motions, set for February 3, 2011, is hereby VACATED.  Because the Court dismisses Plaintiff's complaint with leave to amend, the Case Management Conference set to follow the February 3, 2011 law and motion hearing is likewise

1

Case No.: 10-CV-03888-LHK
ORDER DISMISSING CASE

1    VACATED.  For the reasons set forth below, the complaint is dismissed with leave to amend as

2    specified.

3    **I.  BACKGROUND**

4         Although the Complaint omits many relevant facts, the following information can be

5    gathered from the parties' papers and requests for judicial notice.  On February 7, 2006, Plaintiff

6    Miguel A. Patino Bracamontes obtained a mortgage loan for $564,000 secured by real property at

7    346 High Street, Santa Cruz, California 95060 ("the Property").  The Plaintiff describes this as an

8    "investment home" and the loan documentation lists his residence as a different address.  This

9    Primary Loan was recorded with the Santa Cruz County Recorder's office on February 13, 2006.

10   *See* Bank Defendants' Request for Judicial Notice (Bank RJN, Dkt. No. 20) at Ex. 2 (Deed of

11   Trust).[1]  The lender identified in the Primary Loan is Long Beach Mortgage Company.

12        On the same date that he obtained the Primary Loan, Plaintiff also obtained a Secondary

13   Loan in the amount of $141,000.00.  *See* Bank RJN Ex. 3.  Like the Primary Loan, the Secondary

14   Loan was also secured by the Property, and also identifies Long Beach Mortgage Company as the

15   lender.  *Id.*

16        About a year later, on February 2, 2007, Plaintiff obtained a Tertiary Loan in the amount of

17   $360,000.00.  *See* First American RJN (Dkt. No. 15) at Ex. 1.  The Tertiary Loan identified

18   Sterling Pacific Lending (Sterling) as the lender, and like the other loans, was secured by the

19   Property.  *Id.*  Plaintiff alleges that he was not fully informed about the terms of the Tertiary Loan

20   before he signed the paperwork, and "never received any statements of payment" for the loan.

21   Compl. at 4.  Plaintiff alleges that he "never really knew how or IF the loan was being paid."

22   Compl. at 5.  Plaintiff also alleges that an agent for Sterling, Josh Fisher, represented to him that

23   Sterling would provide resources to help finance renovations to the Property.  Plaintiff alleges that

24   Sterling did provide some money for contractors, but did not provide "money for materials and

25   such."  Plaintiff alleges that as a result of Sterling's failure to pay, he fell behind in payments on

26   the Primary Loan.  He alleges that he prepared to file for bankruptcy but canceled these

---

[1] Defendants make an unopposed request that the Court take judicial notice of a number of documents recorded in the Santa Cruz County Recorder's Office.  Because these are public records, they are judicially noticed pursuant to Fed. R. Evid. 201(b).

Case No.: 10-CV-03888-LHK
ORDER DISMISSING CASE

1   proceedings because Josh Fisher promised that if he did so, he would "help him complete and sell

2   the house."  Compl. at 6.

3        Plaintiff defaulted on at least the Primary Loan.  On November 14, 2007, a Substitution of

4   Trustee was recorded in the Santa Cruz County Recorder's Office, stating that Washington Mutual

5   Bank (WaMu), the successor-in-interest to the original lender Long Beach Mortgage Company,

6   substituted California Reconveyance Company as trustee.  *See* Bank RJN, Ex. 4 (Substitution of

7   Trustee).  A Notice of Default was recorded on July 27, 2009.  *See* Bank RJN, Ex. 5.  On October

8   30, 2009, a Notice of Trustee's Sale relating to the Deed of Trust securing the Primary Loan was

9   recorded.  *See* Bank RJN, Ex. 6.  A Trustee's Deed Upon Sale was recorded on March 25, 2010,

10  reflecting that the Property was sold at public auction on March 19, 2010.  *See* Bank RJN, Ex. 7.

11       On July 16, 2010, Plaintiff filed the underlying Complaint in the Superior Court for Santa

12  Cruz County.  On August 30, 2010, the Bank Defendants removed the Complaint to this Court on

13  the basis of original federal jurisdiction over the claims arising under federal law.  *See* Not. of

14  Removal (Dkt. No. 1).

15       It appears that named defendants Pacific and WT Capital Lender Services have not been

16  served in this action to date.

17  **II.  LEGAL STANDARDS**

18       Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

19  it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, the

20  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl*.

21  *Corp*. *v*. *Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the

22  plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted

23  unlawfully." *Ashcroft v*. *Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In deciding whether the plaintiff has

24  stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable

25  inferences in the plaintiff's favor.  *Usher v*. *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

26  However, the court is not required to accept as true "allegations that are merely conclusory,

27  unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis*. *Sec*. *Litig*., 536

28  F.3d 1049, 1055 (9th Cir. 2008).  Leave to amend must be granted unless it is clear that the

3

Case No.: 10-CV-03888-LHK
ORDER DISMISSING CASE

1   complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't. of Corrections*, 66 F.3d

2   245, 248 (9th Cir.1995).

3   **III. DISCUSSION**

4   The Complaint alleges seventeen causes of action against all defendants, without

5   distinguishing between the actions of different defendants in the various causes of action.  The

6   moving defendants seek to dismiss all seventeen causes of action.  Plaintiff has failed to oppose

7   defendants' Motions or to file a statement of nonopposition as required by Civil Local Rule 7-3(b).

8   Of the seventeen causes of action alleged, only five claims implicate federal law.  The

9   Court will consider only the asserted federal causes of action in this Order.  Unless Plaintiff can

10  amend these federal causes of action to state a claim, the remaining claims arising under state law

11  will be remanded to state court.

12  **a.  Code of Federal Regulations**

13  Plaintiff's second claim alleges that he is entitled to an extended right to rescission because

14  he never received any settlement statement.  As discussed further below, it appears that there is no

15  longer any right to rescission under the federal Truth in Lending Act (TILA, 15 U.S.C. § 1601 et

16  seq.) regarding any of the loans on the Property.  Moreover, Plaintiff has failed to identify any

17  section of the Code of Federal Regulations giving rise to a right of rescission.  As a result, this

18  claim is DISMISSED.  If Plaintiff wishes to amend this claim, he must point out with particularity

19  which section or statute within the Code of Federal Regulations he believes was violated, the facts

20  giving rise to this cause of action, and which defendant(s) the allegations relate to.

21  **b.  Fair and Accurate Credit Act Claim**

22  Plaintiff's seventh claim alleges violation of the Fair and Accurate Credit Transaction Act

23  of 2003 ("FACTA"), Pub. L. 108-159, 111 Stat. 1952 (2003), which amended the Fair Credit

24  Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.  Plaintiff alleges that his credit score was never

25  disclosed as required by § 212(b) of FACTA.  This provision requires "disclosure of credit scores

26  by certain mortgage lenders."  However, Plaintiff has not identified which lender failed to provide

27  him a credit score in violation of FACTA, or when this failure occurred.  Given that there are three

28  loans from two different lenders potentially at issue based on the Complaint, Plaintiff's pleading is

4

*United States District Court*
For the Northern District of California

1    too vague to state a claim.  The Complaint must "meet some minimum threshold in providing a

2    defendant with notice of what it is that it allegedly did wrong."  *Brazil v. United States Dept. of*

3    *Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  This claim is DISMISSED.  Plaintiff is given leave to

4    amend this claim.  If he chooses to do so, he must state which defendant allegedly failed to disclose

5    his credit score, and the circumstances giving rise to a duty to disclose it.

6                   **c.   Violation of 18 U.S.C. § 1962(c) and (d)**

7           Plaintiff's twelfth and thirteenth claims allege that defendants have violated sections 1962

8    (c) and (d) of the Racketeer Influenced and Corrupt Organizations Act (RICO).  Without

9    distinguishing between defendants, Plaintiff alleges that they worked together in an "obvious

10   conspiracy" and undertook activities "with the specific intent of furthering the scheme to defraud

11   or with reckless disregard that they would further the schemes to defraud."  Plaintiff alleges that

12   "[t]he scheme was furthered by the preparation and dissemination of false escrow statements, false

13   loan documentation, misrepresentations to Plaintiff regarding the nature of the transactions, as well

14   as preparation of other false and misleading information, each of which constituted mail fraud . . .

15   or wire fraud."  As with Plaintiff's other claims, this claim appears to have been drafted very

16   generally, without reference to any specific facts relating to Plaintiff's experience.  The few

17   specific facts that do appear in this claim appear to relate to a different case.  For example, claim

18   thirteen references a "Downy Savings and Loans," an entity that appears nowhere else in the

19   Complaint or in any of the loan documentation appended to the defendants' RJNs.

20          Plaintiff's claims do not come close to satisfying the heightened pleading requirements for

21   RICO and fraud claims.  *See* Fed. R. Civ. P. 9(b).   Rule 9(b) "requires a pleader of fraud to detail

22   with particularity the time, place, and manner of each act of fraud, plus the role of each defendant

23   in each scheme.  The Ninth Circuit has repeatedly insisted that this rule be followed in RICO

24   actions alleging the predicate act of mail fraud."  *Lancaster Community Hosp. v. Antelope Valley*

25   *Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (internal citations omitted).  Particularly since the

26   only specifics mentioned in Plaintiff's RICO claims appear to be borrowed from an unrelated case,

27   Plaintiff has not stated a claim for RICO violations in either the twelfth or thirteenth claims.

28

**United States District Court**
For the Northern District of California

5

Case No.: 10-CV-03888-LHK
ORDER DISMISSING CASE

1    Accordingly, these claims are DISMISSED.  Plaintiff is given leave to amend these claims, if he

2    can specifically identify the allegedly fraudulent acts and actors giving rise to these claims.

3            **d.  TILA and RESPA**

4            Plaintiff's seventeenth claim prays for both rescission and damages as a result of alleged

5    TILA violations.  However, it appears that neither remedy is available and that Plaintiffs' claims

6    are time-barred.

7                    **i.  TILA Damages**

8            TILA damages claims are subject to a one-year statute of limitations, which generally runs

9    from the date the loan documents are executed.  15 U.S.C. § 1640(e); *See Meyer v. Ameriquest*

10   *Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  Plaintiff's Primary and Secondary Loans were

11   signed February 7, 2006, and his Tertiary Loan was signed on February 2, 2007.  But Plaintiff did

12   not file his Complaint until July 16, 2010, over three years and five months after the Tertiary Loan

13   was signed.  Therefore, it appears that Plaintiff's claim for TILA damages is time-barred.  The one-

14   year bar may be tolled.  However, to show that tolling is appropriate, the Plaintiff would need to

15   establish that he could not have discovered his claims before he brought them despite using

16   reasonable diligence.  *See Meyer*, 342 F.3d at 902.  Plaintiff would need to establish "evidence of

17   undisclosed credit terms, or of fraudulent concealment or other action on the part of [the loan

18   originator] that prevented" him from discovering his claim.  *Id*.  As pled, the Complaint does not

19   establish any basis for equitably tolling Plaintiff's TILA damages claims.  The Ninth Circuit

20   disfavors granting motions to dismiss when equitable tolling is at issue.  *Supermail Cargo v.*

21   *United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).  Therefore, Plaintiff's seventeenth claim for

22   TILA damages is DISMISSED with leave to amend to establish a basis for equitably tolling such a

23   claim.  In addition, if he wishes to amend this claim, Plaintiff must specify which defendant

24   violated TILA and what act or omission caused the violation.

25                    **ii.  TILA Rescission**

26           The TILA rescission right expires when the property in question is sold.  *See* 15 U.S.C.

27   § 1635 ("An obligor's right of rescission shall expire three years after the date of consummation of

28   the transaction or upon the sale of the property, whichever occurs first.").  The Bank Defendants

6

Case No.: 10-CV-03888-LHK
ORDER DISMISSING CASE

have submitted a recorded Deed of Sale showing that ownership of the property transferred from

Plaintiff in March, 2010, of which the Court takes judicial notice.  Therefore, it appears that

Plaintiff has no right of rescission.  Accordingly, Plaintiff's seventeenth claim for TILA rescission

is DISMISSED with prejudice, as any amendment would be futile.  *See Lucas v. Dep't. of*

*Corrections*, 66 F.3d 245, 248 (9th Cir.1995).

### iii.  RESPA

Although Plaintiff's seventeenth cause of action makes passing references to violations of

the Real Estate Settlement Procedures Act or RESPA (12 U.S.C. § 2601 *et seq.*), Plaintiff does not

identify any particular section of RESPA that he claims is violated and makes no specific factual

allegations supporting a RESPA claim.  It is not sufficient for Plaintiff to simply state the

conclusion that he believes REPSA was violated.  Plaintiff's claim for RESPA violations is

DISMISSED with leave to amend.

### e.  Dismissal of Defendants JPMorgan Chase & Co. and JPMorgan

The Bank Defendants argue that JPMorgan Chase & Co. and JPMorgan must be dismissed

from this case.  As discussed above, WaMu was the successor-in-interest to the original lender

Long Beach Mortgage Company.  On September 25, 2008, the Office of Thrift Supervision closed

WaMu and appointed the FDIC as receiver.  On the same day, JPMorgan entered into a Purchase

and Assumption Agreement (P and A) with the FDIC.  *See* WaMu P and A, *available at*

www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf (last accessed January 27, 2011).[2]

According to the P and A, JPMorgan expressly refused to assume liability for borrower claims

arising from loans made by or acquired by WaMu.  P and A § 2.5.  Thus, the Bank Defendants

argue that JPMorgan cannot be liable for any claims relating to the Primary or Secondary Loan,

because JPMorgan expressly disclaimed responsibility for such claims when it became the receiver

for WaMu.  As the Bank Defendants point out, other courts interpreting the P and A have reached

this conclusion.  *See Yeomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009); *Hilton v. Wash. Mut.*

---

[2] The Court takes judicial notice of the WaMu P and A because it is a document published by the
federal government, a matter of public record, and its accuracy "cannot reasonably be questioned."
*See Corrie v. Caterpillar*, 503 F.3d 974, 978 (9th Cir. 2007) (taking judicial notice of a government
publication); Fed. R. Evid. 201(b).

Case No.: 10-CV-03888-LHK
ORDER DISMISSING CASE

*United States District Court*
For the Northern District of California

*Bank*, No. C 09 1191 SI, 2009 U.S. Dist. LEXIS 100441 at \*9 n.5 (N.D. Cal. Oct. 28, 2009).  The language of the P and A is clear, and the cited authority is persuasive.  The Court finds that Plaintiff cannot state a claim against JPMorgan for any claims arising out of a mortgage that JPMorgan acquired through the P and A.  Because JP Morgan Chase & Co.'s only relationship to this matter is as the parent company to JPMorgan (*see* Bank Defendants' MTD at 6), the Court finds that Plaintiff's claims against JP Morgan Chase & Co. are similarly barred.  Accordingly, both JPMorgan Chase & Co. and JPMorgan are hereby DISMISSED with prejudice.

### IV. CONCLUSION

Defendants JPMorgan Chase & Co. and JP Morgan are DISMISSED with prejudice. Plaintiff's complaint is DISMISSED with leave to amend and DISMISSED with prejudice, as specified above.  Plaintiff shall file an amended complaint, if any, **within 30 days of the date of this Order** to cure the deficiencies discussed herein.  Plaintiff may not add new causes of action or parties without leave of Court or by stipulation of the parties pursuant to Fed. R. Civ. P. 15.  If Plaintiff does not file an amended complaint, the remaining state law claims in the case will be remanded to the Superior Court for Santa Cruz County.

**IT IS SO ORDERED.**

Dated: January 31, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-03888-LHK
ORDER DISMISSING CASE

United States District Court
For the Northern District of California